IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

LYUBOV YEFIMOVA,

                    Plaintiff,              Civil Action No.
                                        1:16-CV-1536 (MAD/DEP)

     v.

IRS,

                    Defendant.

_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF:

LYUBOV YEFIMOVA, *Pro Se*
101 S. Pearl St.
Apt. E1L
Albany, NY 12207

FOR DEFENDANT:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Lyubov Yefimova commenced this action against defendant "IRS"[1] with the filing of a complaint, accompanied by application for leave to proceed in the action *in forma pauperis* ("IFP"). Those documents have been forwarded for me for review pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, I will grant plaintiff's IFP application but recommend that her complaint be dismissed, with leave to replead.

## I.    BACKGROUND

Plaintiff commenced this action on December 27, 2016, with the filing of a complaint that is largely incomprehensible. *See generally* Dkt. No. 1. In preparing her complaint, plaintiff utilized, in part, a form intended for use in commencing civil rights actions pursuant to 42 U.S.C. § 1983, but none of the allegations in the complaint suggest that plaintiff has been deprived of a constitutional right under color of state law. *Id.* Instead, it appears to complain that plaintiff was "robbe[d]" in some manner by the IRS. *See, e.g, id.* at 3 (identifying the IRS as "the robber office"), 5 ("It is a

---

[1]    For purposes of this report, I have assumed that plaintiff intended to refer to the Internal Revenue Service with the use of the acronym "IRS." I leave open the possibility that I am mistaken in this regard, however, in light of the fact that plaintiff specifically identifies the "IRS" as the "Defendant" in the form complaint, but then names, as defendant's "Official Position" the "NYS Department of Taxation and Finance." Dkt. No. 1 at 1. As will be discussed more completely below, the practically unintelligible allegations in the complaint do nothing to clarify this confusion.

robbery of IRS."). The remainder of plaintiff's complaint is confusingly

indecipherable. The following two excerpts from the complaint are

illustrative:

> I asked to open court as I will not pay dachshunds
> for 2012, especially is twice more. Labor offise
> calculated from me for 2012 1500 thousand dollars.
> Having explained, on account of taks for 2012.
> Labor did not pay all city, having explained on
> account of taks for 2012. - It is one more office - the
> robber. They changed the program so that nobody
> in the city not smog to subscribe.
>
> ***
>
> My account, I paid the judge about 1000 thousand
> dollars for dachshunds 2011 - 1000+630 (stole
> IRS)+971 (stole IRS)+157.08 (stole IRS) = 2758.08
>
> Now they write that I have to for 2011 - about 2000
> dollars. Add to before udushchy to the sum
> 2758.08+ 2000=4.658.08
>
> I all received from Labor. From them they already
> calculated and still about a half want 10.000-
> 4.558.08 = they want for dachshunds of 2011. Why
> I have to pay for dachshunds 50 percent from
> Labar's money. Labor is obliged to take only 5
> percent, but not 50 percent.

*Id.* at 3, 5 (all errors in original).

3

II.    DISCUSSION

A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[2] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, her application for leave to proceed in the action without prepayment of fees is granted.[3]

---

[2]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although the IFP application has been granted, additional fees incurred in this action, including copying and/or witness fees, will have to be paid.

B.    Plaintiff's Complaint

1.    Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

6

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

7

2.    Analysis

As was noted above, plaintiff's complaint contains factual allegations that, for the most part, are unintelligible. *See generally* Dkt. No. 1. As such, I am unable to meaningfully analyze its contents and determine whether when, liberally construed, it can be found to assert a cognizable cause of action against the named defendant. For this reason alone, I recommend dismissal of plaintiff's complaint. *See, e.g., Canning v. Hofmann*, No. 15-CV-0493, 2015 WL 6690170, at *6 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.").

In addition, plaintiff appears to have named the IRS as the lone defendant in this matter. Dkt. No. 1 at 1. Although the nature of the claims asserted against defendant IRS is not clear, the IRS is generally entitled to sovereign immunity. This means "that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *accord*, *Adeleke v. United States*, 355 F.3d a144, 150 (2d Cir. 2004). Sovereign

8

immunity extends to federal agencies, like the IRS. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). In this case, although plaintiff's complaint is difficult to discern, none of the even marginally discernable allegations suggest that Congress has authorized a suit against the IRS of the kind plaintiff may contemplate. Accordingly, I recommend that plaintiff's complaint be dismissed on this basis, as well.

Finally, to the extent plaintiff has intended to assert a civil rights cause of action against defendant IRS pursuant to 42 U.S.C. § 1983, the complaint fails to state a claim. To plead a colorable cause of action pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Because none of the allegations in plaintiff's complaint may even be liberally construed to allege the deprivation of a federal right under color of state law, I recommend dismissal of any section 1983 claim asserted in the complaint.[4]

---

[4]    I have considered whether plaintiff's complaint could be construed to assert a *Bivens* claim, the federal counterpart to a suit under section 1983. *See, e.g., Holland v. Pinkerton Sec.*, 68 F. Supp. 2d 282, 283 (S.D.N.Y. 1999). Such a cause of action, however, does not lie against the federal government itself or one of its agencies. *See Holland*, 68 F. Supp. 2d at 284 ("[R]ecovery [in a *Bivens* action] is permitted only from individual federal officials.").

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

10

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, I recommend plaintiff be granted leave to amend her complaint in order to clearly articulate any factual allegations that may plausibly give rise to a cognizable cause of action.

If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, in the event plaintiff asserts a cause of action pursuant to 42 U.S.C. § 1983, the revised pleading must allege facts demonstrating the specific involvement of any named individual-defendants in the constitutional deprivations alleged in sufficient detail to

11

establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    SUMMARY, ORDER, AND RECOMMENDATION

While the IFP application in this action demonstrates that plaintiff qualifies for leave to proceed in this action without prepayment of fees, the complaint, even when construed with the utmost lenity, alleges no facts that give rise to a cognizable cause of action. Accordingly, it is hereby

ORDERED that plaintiff's *in forma pauperis* application, Dkt. No. 2, be GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint, Dkt. No. 1, be DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, with leave to amend.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5]  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     January 5, 2017
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[5]     If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).