**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LYUBOV YEFIMOVA,**

                                **Plaintiff,**

    **vs.**                                                 **1:16-cv-01536
                                                                  (MAD/DEP)**

**IRS,**

                                **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**LYUBOV YEFIMOVA**
101 S. Pearl Street, Apt. E1L
Albany, New York 12207
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On December 27, 2016, *pro se* Plaintiff Lyubov Yefimova ("Plaintiff") filed a complaint against Defendant IRS. *See* Dkt. No. 1. On January 5, 2017, Magistrate Judge David E. Peebles issued a Report, Recommendation, and Order granting Plaintiff's motion for leave to proceed *in forma pauperis* and recommending that this Court dismiss Plaintiff's complaint with leave to amend. *See* Dkt. No. 5 at 12. Currently before the Court is Judge Peebles's Report, Recommendation, and Order, *see* Dkt. No. 5, which Plaintiff has filed objections to, *see* Dkt. No. 6.

As Judge Peebles observed, Plaintiff's complaint is largely incomprehensible. *See generally* Dkt. No. 1; *see also* Dkt. No. 5 at 2. It appears that Plaintiff is complaining that she

was "robbed" by the IRS.[1]  *See* Dkt. No. 1 at 3.  Plaintiff's objections are similarly unintelligible. *See* Dkt. No. 6.  In her objections, Plaintiff asserts, among other things, that "[p]robably Judges finance terrorists behind whom on September 11, 2001.  They buy all judges for 20 percent from billions of dollars.  I can prove it.!!!" *Id.*

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure.  Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Moreover, "[t]hreadbare recitals of

---

[1] Like Judge Peebles, this Court assumes that Plaintiff intended to refer to the Internal Revenue Service with the use of the acronym "IRS."  *See* Dkt. No. 5 at 2 n.1.

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). As discussed, Plaintiff has filed objections in this case. Although a *pro se* litigant's objections should be accorded leniency, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quotation omitted); *see also IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, *1 (S.D.N.Y. Nov. 3, 2008) ("To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). Here, Plaintiff's objections are essentially indecipherable and do not appear to be specifically aimed at any particular findings in Judge Peebles's Report, Recommendation, and Order. However, regardless of whether the Court reviews the Report, Recommendation, and Order *de novo* or for clear error, Plaintiff's complaint should be dismissed.

As Judge Peebles observed, Plaintiff's factual allegations are mostly unintelligible. *See* Dkt. No. 5 at 8; *see generally* Dkt. No. 1. When allegations in a complaint are largely

3

indecipherable such that they do not raise a cognizable cause of action, dismissal is proper. *See Canning v. Hofmann*, No. 1:15-CV-0493, 2015 WL 6690170, *5 (N.D.N.Y. Nov. 2, 2015). Plaintiff's objections are also largely indecipherable, as the following two excerpts illustrate:

> I very much ask you to review my court on IRS and I require immediately opening of court, at my presence. I fail because all courts are carried out behind my back. IRS - the robber office. My lawyers said that I shan't more for 2011, one employee of IRS said too that I don't owe more money, however other employee told another, take from all twice more, you have on it percent and that it makes all rates twice bigger.
> ***
> Gavermenta America told me that I shall receive all 100 percent of the taxes calculated from me. As earlier I helped FBI with fight against terrorism when terrorists wanted to seize the plane going to Lasvegas and wanted to blow up the city of Lasvegas. All of them were taken with gunpowder in 3 tons. I received nothing for this help, any dollar, all money was transferred to terrorists.

Dkt. No. 6 at 1.

Additionally, the only named Defendant is the IRS, which this Court assumes is the Internal Revenue Service, a federal agency. *See* Dkt. No. 1 at 1. As Judge Peebles noted, the IRS is generally entitled to sovereign immunity, and there is no indication that Congress has authorized a lawsuit against the IRS of the kind that Plaintiff is apparently trying to bring. *See* Dkt. No. 5 at 8-9; *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.") (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994)) (other citation omitted).

Finally, as Judge Peebles concluded, to the extent that Plaintiff attempts to assert a cause of action under Section 1983, she has failed to allege a deprivation of a federal right. *See* Dkt. No. 5 at 9. Plaintiff's objections do nothing to address or cure this deficiency.

4

Normally, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Due to the generally indecipherable nature of Plaintiff's complaint and objections, the Court agrees with Judge Peebles that Plaintiff's complaint should be dismissed without prejudice. The Court directs Plaintiff to the portion of Judge Peebles's Report, Recommendation, and Order explaining the requirements for filing an amended complaint. *See* Dkt. No. 5 at 11-12.

Having carefully reviewed Magistrate Judge Peebles's Report, Recommendation, and Order, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's January 5, 2017 Report, Recommendation, and Order (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that any amended complaint must be filed within **THIRTY (30) DAYS** from the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** from the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without any additional action by this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 11, 2017
Albany, New York

_Mae A. D'Agostino_
U.S. District Judge