IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LYUBOV YEFIMOVA,

                  Plaintiff,              Civil Action No.
                                                1:16-CV-1536 (MAD/DEP)

     v.

IRS,

                  Defendant.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

LYUBOV YEFIMOVA, *Pro Se*
101 S. Pearl St.
Apt. E1L
Albany, NY 12207

FOR DEFENDANT:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is an action brought by plaintiff Lyubov Yefimova, who is proceeding *pro se* and *in forma pauperis*, against defendant Internal Revenue Service.[1] The original complaint in this action was dismissed with leave to replead. Plaintiff has now submitted an amended complaint, which has been forwarded to me by the clerk for review. For the reasons set forth below, I recommend that her amended complaint be dismissed and she not be afforded an additional opportunity to file any further amended complaint.

## I.   BACKGROUND

Plaintiff commenced this action on December 27, 2016, with the filing of a complaint that is largely incomprehensible. *See generally* Dkt. No. 1. Plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis*, were forwarded to me for initial review pursuant to 28 U.S.C. § 1915(e). Based upon my consideration of those materials, I issued a report, recommendation, and order granting plaintiff's motion for leave to proceed without prepayment of fees but recommending that her complaint be dismissed with leave to replead. Dkt. No. 5. On May 11,

---

[1]     The court has assumed, from the use of the acronym "IRS" and the context of her complaint, that the intended defendant is the Internal Revenue Service.

2017, District Judge Mae A. D'Agostino issued a decision and order

adopting that report. Dkt. No. 12.

On May 19, 2017, plaintiff filed an amended complaint. Dkt. No. 13.

Like its predecessor, the amended complaint is confusingly indecipherable

both in its assertion of facts and with respect to the claims being asserted.

*See generally id.* The following excerpts from plaintiff's amended

complaint are illustrative:

> IRS - the robber office.
> I was asked to open the court, as I will not pay taxes
> for 2012, especially in 2 times more. Labor offise
> figured with my 2012 1500 thousands of dollars.
> Explaining, on account of fees for 2012. Labor is not
> paid throughout the city, explaining to the account
> fees for 2012.- This is another office robber.They
> changed the program so that no one in the city he
> couldn't subscribe.
> But they are for the theft of the money paid you
> Taxes?????????????????????????????????
>
> ***
>
> In 2012 I made a taks in 2011, for unemploiment
> and I paid the office about 1 thousand dollars. About
> $ 400 dollars and mor $ 600 cash.Plus $ 50 for the
> lawyer.
> 2 cheque passed, cheque for 1 lawyer and 1 a
> check Fees , cash lawyer appropriated, he did not
> held in my tax - he lower stole about $
> 600!!!!!!!!!!!!!!!!!!
>
> ***
>
> Then I decided to go to criminal court to your court.,
> as the IRS describes all of my money and wants to
> take my car. Is the robber the office!!!

3

> I demand justice in my presence, as your clerk forbids me visiting the courts. Saying that the judge only works with securities, rather than with people. Then why are criminal people like Yelena Vichnevetsky, a robber all my money on the courts, and the killer - she is a lying person, Trustco Bank robber, she translated for computer nelegalno , with 3 accounts, my money in Russia , she is funding a terrorist group , the terrorism of 11 September 2001 and many of the killings, prostitution, transplantation , killing thousands of girls, for the sake of business.

*Id.* at 2-3 (all errors in original).

## II.    DISCUSSION

### A.    Analysis of Plaintiff's Amended Complaint

Because she has been granted IFP status, plaintiff's amended complaint must be reviewed for sufficiency under 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune to such relief."[2] 28 U.S.C. § 1915(e)(2)(B).

Once again, plaintiff's amended complaint contains allegations that, for the most part, are unintelligible and make it impossible to meaningfully

---

[2]    The standard to be applied under section 1915(e) was explained in more detail in my initial report, recommendation, and order dated January 5, 2017, and will not be repeated herein. *See* Dkt. No. 5 at 5-7.

analyze its contents and determine whether, when liberally construed, it can be found to assert a cognizable cause of action against the named defendant. For this reason, I recommend dismissal of plaintiff's amended complaint. *See, e.g., Canning v. Hofmann*, No. 15-CV-0493, 2015 WL 6690170, at \*6 (N.D.N.Y. Nov. 2, 2015) (Hurd, J., *adopting report and recommendation by* Treece, M.J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal.").

I note, parenthetically, that the amended complaint has again named the Internal Revenue Service as the lone defendant in this matter. Although the nature of the claims asserted against the Internal Revenue Service is not clear, that agency is generally entitled to sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *accord, Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004). Sovereign immunity extends to federal agencies, like the IRS. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

5

While it is true that the United States has waived sovereign immunity in civil actions where a taxpayer is seeking a tax refund, 28 U.S.C. § 1346(a)(1), there are "a series of procedural hurdles that taxpayers must surmount in order to maintain such suits." *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994). By way of example, "26 U.S.C. § 7422(a) provides that a taxpayer must have first filed a 'claim for refund or credit' with the IRS to maintain a refund suit[.]" *Forma*, 42 F.3d at 763. Even the most careful reading of plaintiff's amended complaint fails to disclose the existence of facts that plausibly suggest that plaintiff intends to assert a cause of action based on a tax refund, or that she has completed the perquisite procedural hurdles prior to filing this lawsuit.

Based upon the foregoing, I recommend that plaintiff's amended complaint be dismissed.

B.     Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp.

6

986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, plaintiff has been placed on notice of the deficiencies in her original complaint, but nonetheless has submitted an amended complaint that suffers from the same problems. Under these circumstances, I recommend that plaintiff not be granted further leave to amend her complaint.

III.    SUMMARY AND RECOMMENDATION

A prior complaint submitted by the plaintiff in this action was dismissed, with leave to replead. In the court's decisions addressing that initial complaint, plaintiff was placed on notice of the deficiencies and given an opportunity to cure them. Plaintiff's amended complaint, however, even when construed with the utmost lenity, alleges no facts that give rise to a cognizable cause of action. Accordingly, it is respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 13) be DISMISSED, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3]  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

---

[3]    If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon plaintiff in accordance with this court's

local rules.

Dated:      June 13, 2017
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge