**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**LYUBOV YEFIMOVA,**

          **Plaintiff,**

 vs.               **1:16-cv-01536**
                    **(MAD/DEP)**
**IRS,**

          **Defendant.**

---

**APPEARANCES:**         **OF COUNSEL:**

**LYUBOV YEFIMOVA**
101 S. Pearl Street, Apt. E1L
Albany, New York 12207
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On December 27, 2016, *pro se* Plaintiff Lyubov Yefimova commenced this action pursuant to 42 U.S.C. § 1983 alleging that she was "robbed" by Defendant Internal Revenue Service ("IRS")[1] and requesting $10 million in damages. *See* Dkt. No. 1 at 3, 6. In a Report, Recommendation, and Order dated January 5, 2017, Magistrate Judge Peebles granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") and recommended dismissal of her complaint. *See* Dkt. No. 5 at 4, 12. In an Order dated May 11, 2017, the Court dismissed Plaintiff's complaint with leave to amend. *See* Dkt. No. 12 at 5.

On May 19, 2017, Plaintiff filed an amended complaint against the IRS, which, like her original complaint, is largely incomprehensible. *See generally* Dkt. No. 13. In a Report and

---

[1] As observed by Magistrate Judge Peebles, the Court assumes that Plaintiff intended to refer to the Internal Revenue Service when she named "IRS" as the sole defendant in her original and amended complaints. *See* Dkt. No. 5 at 2 n.1; Dkt. No. 16 at 2 n.1.

Recommendation dated June 13, 2017, Judge Peebles recommended dismissal of Plaintiff's amended complaint with prejudice. *See* Dkt. No. 16 at 8. On June 16, 2017, Plaintiff filed objections to Judge Peebles's Report and Recommendation. *See* Dkt. No. 17.

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

As discussed, Plaintiff has filed objections in this case. Although a *pro se* litigant's objections should be accorded leniency, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (quotation omitted); *see also IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865, 2008 WL 4810043, *1 (S.D.N.Y. Nov. 3, 2008) ("To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). Here, Plaintiff's objections are essentially indecipherable and appear to be copied verbatim from her amended complaint. *See generally* Dkt. No. 17. Accordingly, the Court will review Judge Peebles's Report and Recommendation for clear error.

Plaintiff's amended complaint essentially alleges the same claims of "robbery" that were alleged in her original complaint. *See generally* Dkt. No. 13. The unintelligible nature of Plaintiff's allegations is illustrated in the following excerpts from Plaintiff's amended complaint:

> This year I got a paper that I have for 2011 about 1,600 thousand dollars. They put their interests at $ 500 persent month. Plus penalties. Goss-they say take my car and property. Without a car I can not bady as Yelena Vishnevetskaya broke my leg, stealing my money, sell my organs on the plant, removed a kidney, cut part of

3

> the liver, cut the female organs, to the plant, veins, arteries, and much more.
>
> ***
>
> I tried many times to settle, but I will not accept the office and makes appointments. I tried 2 times to register but to no avail. They throw up. I had no other choice but to go to court in the city, but the city was again paid my money 1 million dollar is a thief and prostitute Yeelen Vishnevetsky, witch was obtained with 70 ships and more than $25 billion, I have not received a single cent. The city funds the office of terrorists. Giving millions and billions of dollar Yelena Vishnevetskiy that buys your judges for 20 percent, sometimes 50 percent.
>
> ***
>
> The IRS wrote me that I still owe for 2011 -207 dollars. 68 cents. This is a robbery !!!!!!!!!!!!!!!!!!!!!!!! I proved it to you and showed them to the IRS - robbers. I helped your country, and the money was transferred, thieves and terrorists, for the witch terrorism 2011. I don't odlucila for the help. Money was also transferred to them. The U.S. government told me that I deadline to help you a 100% refund with tax. where they are. They were stolen again. My requirements are to pay me for all not less than 100 thousand dollars. For robbery . . . damage!!!!!!!!!!!!!!

*Id*. at 2-5 (all errors in original).

As the Court noted in its previous Order, and as Judge Peebles noted in his Report and Recommendation, dismissal is proper when allegations in a complaint are indecipherable and do not assert a cognizable cause of action. *See* Dkt. No. 12 at 3-4; Dkt. No. 16 at 4-5. Accordingly, Judge Peebles correctly recommended dismissal of Plaintiff's amended complaint.

Normally, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Here, Plaintiff was put on notice of the deficiencies in her complaint in Judge Peebles's original Report, Recommendation,

4

and Order and in this Court's previous Order.  Specifically, in Judge Peebles's Report, Recommendation, and Order, he gave Plaintiff clear instructions on how to file a proper complaint, *see* Dkt. No. 5 at 11-12, and the Court also referred Plaintiff to these instructions in its previous Order, *see* Dkt. No. 12 at 5.  Yet, Plaintiff still filed an amended complaint that suffers from the same deficiencies as her original complaint.  Moreover, there is no indication from any of Plaintiff's filings that she has a valid claim.  Accordingly, the Court agrees with Judge Peebles that Plaintiff's amended complaint should be dismissed with prejudice.

Having carefully reviewed Magistrate Judge Peebles's Report and Recommendation, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's June 13, 2017 Report and Recommendation (Dkt. No. 16) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 11, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge